

## In the United States Court of Federal Claims

No. 15-1266T

(Filed: February 6, 2017)

**FILED**

**FEB - 6 2017**

**U.S. COURT OF FEDERAL CLAIMS**

```
*************************************  )
                                       )
GEORGE J. FOXX,                        )   Tax refund suit; preparer penalty; I.R.C. §
                                       )   6694(b)
              Plaintiff,               )
                                       )
       v.                              )
                                       )
UNITED STATES,                         )
                                       )
              Defendant.               )
                                       )
*************************************  )
```

George J. Foxx, *pro se*, Tampa, Florida.

Brian J. Sullivan, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, Tax Division, David I. Pincus, Chief, Court of Federal Claims Section, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Dr. George J. Foxx, brings this action to recover a $2,500 tax preparer penalty he paid to the Internal Revenue Service ("IRS") in 2012. Dr. Foxx was originally assessed a $5,000 penalty after preparing a 2007 tax return for Shakeena Bryant that reported false business income. The IRS reduced the penalty to $2,500 after Dr. Foxx filed a pre-assessment appeal. Dr. Foxx now claims that he is entitled to a full refund because he relied upon the statements of Ms. Bryant regarding a business, performed due diligence, and acted in good faith in preparing Ms. Bryant's 2007 tax return. He also seeks sanctions against the government due to a discovery request made by the government to a third party during the course of this case.

Pending before the court are Dr. Foxx's motion for summary judgment or, alternatively, for sanctions, *see* Pl.'s Mot. for Directed Verdict, in the Alternative, Sanctions Based o[n] Rule 37 ("Pl.'s Mot."), ECF No. 11,[1] and the government's cross-motion for summary judgment,

---

[1] Dr. Foxx styled his submission as a motion for a directed verdict, but that motion is inappropriate under the Rules of the Court of Federal Claims ("RCFC") because this court sits

Def.'s Opp'n to Pl.'s Mot. for a "Directed Verdict" and Cross-Mot. for Summary Judgment ("Def.'s Cross-Mot."), ECF No. 12. For the reasons stated, Dr. Foxx's motion is denied and the government's cross-motion is granted.

## BACKGROUND

The events underlying this dispute began in February 2008, when Shakeena Bryant, accompanied by her then-friend Herman James, approached Dr. Foxx for assistance in preparing Ms. Bryant's 2007 tax return. Def.'s Cross-Mot. Ex. 5 (Decl. of Shakeena Bryant ("Bryant Decl.")) ¶ 3; *see also* Def.'s Cross-Mot. Ex. 4 (Dep. of Herman James ("James Dep.")) at 14:2-11 (Sept. 21, 2016). Dr. Foxx held himself out as the "Tax Doctor," as indicated by his tax-preparer invoice to Ms. Bryant. *See* Def.'s Cross-Mot. Ex. 9. He claims to have more than 37 years of tax preparation experience, allegedly having prepared over 7,000 tax returns between 2004 and 2014. Compl. at 5. Ms. Bryant and Dr. Foxx had not met previously. Hr'g Tr. 6:16-19 (Jan. 13, 2017).[2] Ms. Bryant brought her W-2, which indicated that she had received a total of $15.51 in 2007 from a brief employment at Busch Gardens, and information regarding her children. Bryant Decl. ¶ 3. She did not bring any documents indicating additional income. *Id.*; James Dep. at 24:20-24. According to Ms. Bryant and Mr. James, Dr. Foxx told Ms. Bryant that she could nonetheless receive a tax refund if she reported additional income from a business. Bryant Decl. ¶ 4; James Dep. at 17:9-22.[3] Ms. Bryant applied for and received a business license for auto detailing, and returned to Dr. Foxx's office that same day with the license. Bryant Decl. ¶¶ 4-5; James Dep. at 15:16-24, 31:3 to 32:6. Dr. Foxx then prepared Ms. Bryant's tax return and reported $18,288 in business income from Ms. Bryant's purported auto-detailing business. *See* Def.'s Cross-Mot. Ex. 1, Ex. 9. As a result, Ms. Bryant qualified for earned income tax credits and received a refund of $2,577 from the IRS. Def.'s Cross-Mot. Ex. 1, Ex. 6. Ms. Bryant paid Dr. Foxx $169 as a tax preparation fee. Def.'s Cross-Mot. Ex. 9.

In 2009, the IRS audited Ms. Bryant's tax return. Def. Cross-Mot. Ex. 6; Bryant Decl. ¶ 7. In the course of that audit, Ms. Bryant stated that she had never owned an auto-detailing business. Bryant Decl. ¶¶ 6-7. She told the IRS that her 2007 tax return was incorrect, while also stating that she reported her false business income under the instructions of Dr. Foxx. Def.'s Cross-Mot. Ex. 7; Bryant Decl. ¶ 7. The IRS then contacted Dr. Foxx, who responded in March 2009 that he reasonably relied upon the statements of Ms. Bryant and exercised "due diligence" in preparing her return. *See* Def.'s Cross-Mot. Ex. 9. Dr. Foxx also provided Ms. Bryant's auto-detailing business license and two pages of handwritten notes, written by Dr.

---

without juries. The court will thus consider Dr. Foxx's submission to be a motion for summary judgment pursuant to RCFC 56.

[2]The date will be omitted from further citations to the transcript of the hearing held on the pending motions.

[3]Business income would enable Ms. Bryant to qualify for earned income tax credits under 26 U.S.C. ("I.R.C.") § 32, which allows low-income individuals with children to receive a refundable tax credit. *See* Def.'s Cross-Mot. at 3 n.4.

Foxx, relating to that business. *See* Def.'s Cross-Mot. Ex. 9, Ex. 15 (Dep. of George J. Foxx ("Foxx Dep."), at 220:13 to 221:15 (Sept. 22, 2016)).

In May 2009, the IRS imposed a $5,000 tax return preparer penalty on Dr. Foxx pursuant to I.R.C. § 6694(b) for his "[w]illful or reckless conduct" in preparing Ms. Bryant's inaccurate 2007 tax return. Def.'s Cross-Mot. at 5, Ex. 3. Dr. Foxx filed a pre-assessment appeal in which he stated that he relied upon the "verbal statements" of Ms. Bryant regarding her business income. Def.'s Cross-Mot. Ex. 11, at 1-2. On February 28, 2012, the IRS reduced Dr. Foxx's penalty to $2,500. *Id.* at 1, 4. Dr. Foxx paid the $2,500 penalty in April 2012. Def.'s Cross-Mot. at 5. He subsequently filed a claim for a refund of that penalty through submission of a Form 843 on May 28, 2013, Def.'s Cross-Mot. Ex. 12, but the IRS denied that claim on September 28, 2015, Def.'s Cross-Mot. Ex. 13. Dr. Foxx then filed suit in this court on October 27, 2015, seeking to recover the $2,500 penalty he paid to the IRS. *See generally* Compl. Dr. Foxx alleges "he followed the rules of due diligence and acted in good faith" and therefore "the penalty should not have been imposed." Compl. at 2.

On April 19, 2016, the court issued a scheduling order, ECF No. 9, setting the close of fact discovery for October 20, 2016, and requesting that the parties file a joint status report on November 1, 2016. During fact discovery and after completion of Dr. Foxx's deposition, the government sent a subpoena to Nova Southeastern University to verify Dr. Foxx's claim that he had received a doctorate from that university. *See* Pl.'s Mot. at 1; Hr'g Tr. at 5:23 to 6:1. Dr. Foxx contends that the government, through this subpoena, "sought irrelevant evidence," requested the "disclosure of privileged or other protected information," and hindered Dr. Foxx's ability to be hired by Nova Southeastern University in the future. Pl.'s Mot. at 2. He further asserts that "the subpoena served no purpose but to hurt [p]laintiff." *Id.* at 4. However, Dr. Foxx did not file a motion to quash the subpoena or a motion for a protective order. The government responds that it reasonably sought "independent information about the legitimacy of plaintiff's claimed credentials and his credibility" and that such information is relevant and discoverable under RCFC 26. Def.'s Resp. to Pl.'s Mot. for Sanctions ("Def.'s Opp'n to Mot. for Sanctions") at 2-3, ECF No. 13.

On November 2, 2016, Dr. Foxx filed a motion for summary judgment or, alternatively, for sanctions pursuant to RCFC 37. *See* Pl.'s Mot. On November 21, 2016, the government filed a cross-motion for summary judgment pursuant to RCFC 56, Def.'s Cross-Mot., and opposed Dr. Foxx's motion for sanctions, Def.'s Opp'n to Mot. for Sanctions. The competing motions have been briefed and were addressed at a hearing on January 13, 2017.

## JURISDICTION

As plaintiff, Dr. Foxx has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Under the Tucker Act, the court has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity, thus allowing a plaintiff to sue the United States for money damages,

*United States v. Mitchell*, 463 U.S. 206, 212 (1983), including refunds of taxes paid, *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 981 (Fed. Cir. 2016) (citing 28 U.S.C. § 1491; *Shore v. United States*, 9 F.3d 1524, 1525 (Fed. Cir. 1993); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)).

Before filing suit for a refund, the taxpayer must generally pay the full amount of the taxes due, *see Flora v. United States*, 357 U.S. 63, 72-73 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960), subject to an exception when divisible taxes are at issue, *see Byrne v. United States*, 127 Fed. Cl. 284, 290 (2016); *Beard v. United States*, 99 Fed. Cl. 147, 149 (2011) (quoting I.R.C. § 6331(i), which forbids "proceeding[s] in court for the collection of any unpaid [divisible] tax . . . during the pendency of any proceeding . . . for the recovery of any portion of such divisible tax which was paid by such person"). The taxpayer must also comply with the requirements of I.R.C. § 6511(a), which requires a taxpayer to file a claim for refund with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." The court does not have jurisdiction over a suit unless a claim for refund has been properly filed with the IRS. *See* I.R.C. § 7422(a). If the IRS denies the claim for refund, the taxpayer must then file suit in this court within two years of the IRS's notice of disallowance of the refund. *See* I.R.C. § 6532(a)(1).

Here, the court has jurisdiction over Dr. Foxx's refund claim. Dr. Foxx paid the assessed $2,500 tax penalty in full in April 2012. Def.'s Cross-Mot. Ex. 12. He then filed a claim for refund with the IRS in May 2013, *id.*, which was within two years of paying the penalty. After receiving the notice of disallowance of his claim in September 2015, Def.'s Cross-Mot. Ex. 13, Dr. Foxx complied with I.R.C. § 6532(a)(1) by filing suit in this court approximately one month later. The court thus has jurisdiction.

## STANDARDS FOR DECISION

Under RCFC 56(a), a grant of summary judgment is proper when the pleadings, affidavits, and evidentiary materials of the case demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). A genuine dispute exists when the issue "may reasonably be resolved in favor of either party," *id.* at 250, and a fact is considered material when it "might affect the outcome of the suit under the governing law," *id.* at 248. The moving party has the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, the court is to draw all factual inferences "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Summary judgment will be appropriate if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* at 587.

## ANALYSIS

### A. Dr. Foxx's Tax Refund Claim

The IRS invoked I.R.C. § 6694(b) to impose a tax-return-preparer penalty on Dr. Foxx. Def.'s Cross-Mot. Ex. 3. Subsection 6694(b) provides in relevant part that a penalty will be assessed on any tax return preparer who prepares a tax return "with respect to which any part of an understatement of liability is due to . . . a willful attempt in any manner to understate the liability for tax on the return or claim, or . . . a reckless or intentional disregard of rules or regulations." I.R.C. § 6694(b)(1), (2). The term "understatement of liability" is defined as "any understatement of the net amount payable with respect to any tax imposed by this title or any overstatement of the net amount creditable or refundable with respect to any such tax." *Id.* § 6694(e). The government thus correctly notes that the validity of the penalty in this case depends on whether (1) Dr. Foxx prepared Ms. Bryant's 2007 tax return, (2) Ms. Bryant's return contained an understatement of liability, and (3) such understatement was due to Dr. Foxx's willful action or his reckless or intentional disregard of rules or regulations. Def.'s Cross-Mot. at 7.

The first two elements of Subsection 6694(b) are undisputed in this case. Dr. Foxx prepared Ms. Bryant's 2007 tax return, and that return contained an understatement of liability under the definition set forth in Subsection 6694(e) because it overstated Ms. Bryant's tax refund by falsely reporting business income. Regarding the third element, the government argues that Dr. Foxx's "willfulness, or reckless or intentional disregard of a rule or regulation, caused the improper refund." Def.'s Cross-Mot. at 8. In disputing his liability under this element of Subsection 6694(b), Dr. Foxx contends that the IRS improperly imposed the penalty because he acted diligently and in good faith while preparing Ms. Bryant's 2007 tax return. Compl. at 2.

Thus, the issue before the court is whether Ms. Bryant's inaccurate tax return was the result of either Dr. Foxx's willful action or his intentional or reckless disregard for the appropriate rules and regulations pertaining to tax return preparation. Both Ms. Bryant and Mr. James stated that Ms. Bryant obtained a business license pursuant to Dr. Foxx's instruction. Bryant Decl. ¶¶ 4-5; James Dep. at 15:11 to 17:22. According to Mr. James, Dr. Foxx explained that such a license would allow him to obtain more money for Ms. Bryant, and Dr. Foxx, not Ms. Bryant, created the false business income that appeared on Ms. Bryant's tax return. James Dep. at 17:9-22, 19:3 to 21:22.[4] Even if the court were to adopt Dr. Foxx's account of the event, accepting that he possessed a good faith belief that Ms. Bryant had an auto-detailing business, Dr. Foxx intentionally or recklessly disregarded tax preparer rules and regulations. Under the applicable Treasury regulation in effect in 2008, Dr. Foxx was required to perform due diligence before filing Ms. Bryant's tax return for earned income tax credits. *See* 26 C.F.R. § 1.6695-2 (2008). This due diligence included an obligation to "make reasonable inquiries if the information furnished to, or known by, [Dr. Foxx] appear[ed] to be incorrect, inconsistent, or incomplete." *Id.* § 1.6695-2(b)(3) (2008). Dr. Foxx stated that he received training in preparing tax returns and that he required substantiation of reported business income from his clients.

---

[4]In his correspondence with the IRS, Dr. Foxx submitted a statement allegedly made and signed by Shakeena Bryant, stating that "Dr. Foxx is innocent" because "he only acted on the information [Ms. Bryant] provided. . . ." Def.'s Cross-Mot. Ex. 10. However, this statement was made after the IRS audit began, *id.*, and Ms. Bryant does not recall making or signing it, Bryant Decl. ¶ 9.

5

Def.'s Cross-Mot. Ex. 15 (Foxx Dep. at 106:3 to 109:8, 129:1-22). But in reporting more than $18,000 for Ms. Bryant's purported auto detailing business, Dr. Foxx did not examine any bank statements, business expense receipts, or business ledgers. He instead relied upon Ms. Bryant's business license, obtained the same day Dr. Foxx filed Ms. Bryant's return, and two pages of notes written by Dr. Foxx that outlined expenses associated with the business. *See* Def.'s Cross-Mot. Ex. 9.[5] Dr. Foxx argued before the IRS that his reliance on Ms. Bryant's alleged statements regarding her business was reasonable because Ms. Bryant otherwise would have only earned approximately $15 in 2007 based on the W-2 she provided to Dr. Foxx. *Id.* Such an argument is misplaced; Ms. Bryant's financial situation did not relieve Dr. Foxx of his obligation to make reasonable inquiries into any auto detailing business purportedly conducted by Ms. Bryant after she did not provide adequate documentation. His failure to do so was an intentional or reckless disregard of relevant Treasury Regulations. Dr. Foxx has not supported his motion for summary judgment with undisputed material facts, nor has he raised a genuine dispute of material fact to contravene the government's cross-motion. The IRS's tax preparer penalty was thus justified under I.R.C. § 6694(b).

## B. Dr. Foxx's Request for Sanctions

RCFC 26(b)(1) generally permits the parties to request discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This rule is qualified by RCFC 26(b)(2)(C), which provides that discovery can be limited when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by RCFC 26(b)(1).

RCFC 26(g)(1)(B)(ii) also notes that a discovery request should not be made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." If a party violates these discovery rules, the court has discretion whether to impose sanctions pursuant to RCFC 37. *See Hitkansut LLC v. United States*, 127 Fed. Cl. 101, 106-07 (2016); *American Fed. Bank, FSB v. United States*, 72 Fed. Cl. 586, 627 (2006) (citations omitted), *aff'd*, 295 Fed. Appx. 368 (Fed. Cir. 2008).

---

[5] Dr. Foxx also submitted an envelope to the IRS that allegedly set out the expenses Ms. Bryant incurred from her business. Def.'s Cross-Mot. Ex. 10. However, Ms. Bryant explained that she never purchased the items listed on the envelope and that she only recorded the expenses at Dr. Foxx's instruction after the IRS audit began. Bryant Decl. ¶ 8. Further, even if Dr. Foxx was not aware that these expenses were falsified, such an envelope would not satisfy Dr. Foxx's obligation to reasonably inquire into and substantiate Ms. Bryant's business.

Here, the government's discovery request was permissible under RCFC 26 and sanctions are not appropriate. Dr. Foxx informed the government that he had obtained a doctorate degree from Nova Southeastern University. *See* Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Sanctions ("Pl.'s Reply") at 1, ECF No. 15. The government then sought discovery from Nova Southeastern University in September 2016, *id.* at 1-2, to obtain "independent information about the legitimacy of plaintiff's claimed credentials and his credibility," Def.'s Opp'n to Mot. for Sanctions at 2. Dr. Foxx asserts that the government's request sought irrelevant evidence and unnecessarily harmed him, *see* Pl.'s Mot. at 2, 4, but as a tax preparer who prepared an inaccurate tax return, Dr. Foxx's education and background are relevant. Further, Dr. Foxx has disagreed with Ms. Bryant and Mr. James regarding the events in 2008 that led to the filing of the tax return at issue, and thus his credibility has been relevant in the case. As the government notes, Dr. Foxx's veracity is especially significant because his qualifications have been "questioned in the past" and he has "made extraordinary claims about other experiences." Def.'s Opp'n to Mot. for Sanctions at 3.[6] The government's decision to verify Dr. Foxx's degree independently, rather than merely to accept Dr. Foxx's statements, was therefore not for the improper purpose of harassing or harming Dr. Foxx.[7] The government's request was relevant and appropriate because it was reasonably calculated to assist the trier of fact in assessing Dr. Foxx's education and credibility. Thus, sanctions are not warranted.

## CONCLUSION

For the reasons stated, plaintiff's motion for summary judgment or, alternatively, for sanctions is DENIED, and the government's cross-motion for summary judgment is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[6] Notably, Dr. Foxx is under investigation by the IRS for mishandling approximately 15 other tax returns. *See* Def.'s Opp'n to Mot. for Sanctions Ex. 7 (Foxx Dep. at 131:4-15). He has also been fired from previous jobs due to submitting improper documents, *see id.* (Foxx Dep. at 27:2 to 34:14), and for unauthorized travel, *see id.* (Foxx Dep. at 37:25 to 41:12).

[7] Additionally, contrary to Dr. Foxx's assertion, his degree is nonprivileged information that falls within the permissible scope of discovery set forth in RCFC 26.

Dr. Foxx also argues that the government sought this information after the close of fact discovery on October 20, 2016, *see* Pl.'s Reply at 2, but the government's subpoena was timely filed, although the university's response was delayed, *see id.* at 1-2.